## Ellison *v.* Hosie et al., Appellants.

*Practice (Supreme Court)—Questions of fact.*

The Supreme Court will not consider specifications of error to the effect that the court below erred in not setting aside the report of a referee upon questions of fact, where there was evidence upon such questions sufficient to submit it to a jury.

The Supreme Court is not the appropriate tribunal to decide mere questions of fact; they belong more properly to a jury or referee.

Argued Jan. 20, 1892. Appeal, No. 135, July T., 1891, by defendants, James P. Hosie and John H. Hosie, from judgment of C. P. No. 4, Phila. Co., Dec. T., 1889, No. 348, on report of referee. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS and McCOLLUM, JJ.

Assumpsit to recover compensation for services rendered in purchasing land.

The plaintiff by his statement in substance alleged that he was employed by the defendants to purchase for them certain interests in coal lands by an authority in writing, September 5, 1889, that pursuant to his employment he bought the one sixth interest in the tract of coal land mentioned, for eight hundred

and fifty dollars an acre from D. T. Pratt, representing the estate of Rachel Bridport, deceased; that the plaintiff opened negotiations for the purchase of other three sixths mentioned, which have been carried on by the defendants; and he claimed $3,000 as a proper, fair, reasonable compensation for his services, which the defendant refused to pay.

The affidavit of defence averred that the defendants paid and the plaintiff received twenty-five dollars for his services set forth in his statement, and that this sum was a full, fair and just compensation for such services.

The case was referred to E. Hunn Hanson, Esq., who found as a fact that the plaintiff was employed by the defendants as their agent to purchase the coal lands in question, and that he has not accepted the $25 paid to him as full payment for his services. The referee awarded the plaintiff $500 as a reasonable and just sum for his services. Exceptions to the referee's report were dismissed by the court.

*Errors assigned* were (1) in finding as a fact that James V. Ellison was an agent invested with discretion, and not a mere messenger; (2) in finding as a fact that James V. Ellison did not accept the check for $25 in payment for his services.

*Hampton L. Carson* and *Jones, Carson & Phillips*, for appellants.

*James Alcorn*, for appellee.

PER CURIAM, February 1, 1892.

The only specifications of error were that the court below erred in not setting aside the report of the referee upon two questions of fact. One of those questions was, whether the plaintiff was an agent invested with discretion, or a mere messenger. The other was, whether the plaintiff did not accept the check of $25 in payment for his services. There was evidence upon both these questions sufficient to submit to a jury, and, under such circumstances, we do not see our way clear to set aside the findings of the referee, approved as they are by the court below. This court is not the appropriate tribunal to decide mere questions of fact; they belong more properly to a jury, or in this instance to the referee, who was appointed for that purpose.

Judgment affirmed.